Henderson, Chief-Justice.
 

 This action is brought on the official bond of the Coroner of Cumberland County, in the name of
 
 James Iredell,
 
 Governor, &c. and the successor of
 
 Jesse Franklin,
 
 late Governor, &c. to whom, as Governor, the bond was made payable.
 

 No objection is taken to the form of the, bond, neither is it urged that the Governor does not, by virtue of his office, succeed to all the official rights of his predecessors-. But it is objected, that although the Governor may sustain this suit for a bread» of official duty by the Coroner, in a matter in which the Governor is concerned, yet he cannot, w here the bread» alleged is the injury of another, because there is
 
 no assignment of the bond to such person.
 

 if the bond had been actually assigned, under the act of 1785
 
 (Rev. c.
 
 233) and
 
 the
 
 act
 
 ót‘ 1777 {Rev. c.
 
 118) relating to the assignment of Sheriffs’ bonds, to which the former act refers, I think an action could not have been sustained in the Governor’s name. For by virtue of the assignment, the Governor’s interest in the bond would have been divested, so far as he was a trustee for the assignee ; as by the operation of the two acts, the assignee could sustain an action on the bond in his own name. But that case does not arise here. There is no assignment, and the Governor stands as he, did from the fiisf, a trustee for all persons, injured by a breach of the bond.
 

 If this question stood at the common law, could there be a doubt, that by a violation of official duty (no matter to whom the injuiy was done) the bond would be forfeited, and the penalty incurred. For the condition is
 
 *385
 
 not, that the Coroner shall perform his duty in things only in which the Governor is concerned ; but in general, that he will in all things we!! and truly perform his duty as Coroner, no matter who may be concerned therein. But it may be said, that under the statute of
 
 William,,
 
 the Plaintiff will be confined to nominal damages, and that, under that statute, lie obtains a judgment for the penalty, to be discharged by such nominal damages. That is a begging of the question. If the Plaintiff is to be thus restrained,, it proves that the. case is not within the statute. For tiiat statute was made to confine the party to such
 
 damages
 
 as in equity he was entitled to, and to compel the Plaintiff to ascertain them
 
 at law,
 
 and not to drive the Defendant info Equity for relief. If theiefore 1he statute of
 
 William
 
 does not permit a trustee to show the damages sustained by his
 
 cestui que trust,
 
 it does not embrace the case, and it. is left as it was before the passage of the statute. But L think that the statute does embrace the case 5 that it was intended to confine persons to the actual damage in a Court of Law, as well as in a Court of Eqnity — to substitute toe trial at Law for a
 
 quantum damnificatus
 
 in Equity. If in this case, the Court of Equity would not relieve the Defendant from the penalty, without satisfying the damages incurred by those for whom the Governor was a trustee, such damages ought to be permitted to be shown under the statnt*.
 

 I have taken it for granted, that if the Defendant was drhen into a Court of Equiry for relief, he could obtain it, only by paying the damages sustained by those for whose benefit the bond was taken, and for whom the Governor was a trustee ; as I am at a loss to see how, or on what principle, Equity would entirely remit a penalty, without compensating the very injury the penalty was intended to remedy.
 

 I suppose, that when the Legislature, by the act of £793
 
 {Rev. c.
 
 384) provided for bringing suits on official
 
 *386
 
 bonds, in the name of the persons to whom they were given, at the instance of the persons injured, the Coroner’s bond was left out by oversight. The Coroner, however, is included in the act of 1819
 
 (ñev. c.
 
 1002) giving a summary remedy against certain officers and their sureties, for the recovery of money received by them, by virtue of their office.
 

 I have in this case considered the acts, requiring the Governor and other persons, to whom official bonds were taken, to assign them to the party alleging that he had been aggrieved, as tending to facilitate the remedy oit those bonds, and not to take from such persons any right which they might have without, or independently of the assignment. For such, I think, was very clearly the intention of the Legislature.
 

 Per Curiam. — Let the judgment of the Court below be reversed.